# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 13-0623** (BOR Appeal No. 2047951)
                    (Claim No. 2011026883)

**JOSEPH L. BUTCHER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Matthew L. Williams, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated May 17, 2013, in which the Board affirmed a November 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 26, 2011, decision granting a 3% permanent partial disability award and granted him an 18% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based on a violation of a statutory provision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Joseph L. Butcher, an employee of SWVA, Inc., was injured on January 24, 2011, when he slipped on a piece of ice and fell onto his back. Mr. Butcher filed an application for workers' compensation benefits and his claim was held compensable for a cervical, thoracic, and lumbar spine sprain. Mr. Butcher was then evaluated by three separate physicians. Marsha Bailey, M.D., examined Mr. Butcher and determined he had reached his maximum degree of medical improvement. In regard to the cervical, thoracic, and lumbar spine, Dr. Bailey used the range of

motion model and Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and found 2%, 5%, and 4% impairment, respectively. Dr. Bailey found the cervical range of motion to be invalid and the lumbar and thoracic to be pain restricted. Dr. Bailey adjusted these ratings to fit within Category II of West Virginia Code of State Rules §§ 85-20-C, 85-20-D, and 85-20-E (2006). This equated to 5% impairment per section of the spine for a total of 15% whole person impairment. Dr. Bailey then apportioned 12% impairment to pre-existing causes and 3% for the compensable injury based upon chiropractic records and a MRI of the lumbar spine. She justified her apportionment by stating that Mr. Butcher had degenerative joint disease and degenerative disc disease. The claims administrator adopted Dr. Bailey's reasoning and entered an award of 3% permanent partial disability. Mr. Butcher protested this decision.

Bruce Guberman, M.D., also conducted an independent medical evaluation of Mr. Butcher and determined that he had 18% whole person impairment. Dr. Guberman's impression was that Mr. Butcher had an acute and chronic cervical, thoracic, and lumbar spine strain, post-traumatic. He also found an L4-5 disc herniation. Dr. Guberman noted Mr. Butcher was at his maximum degree of medical improvement. Dr. Guberman used the range of motion model and found impairment in the cervical, thoracic, and lumbar spine of 4%, 5%, and 7% respectively. Dr. Guberman placed Mr. Butcher in Lumbar, Thoracic, and Cervical Category II of West Virginia Code of State Rules §§ 85-20-C, 85-20-D, and 85-20-E. This resulted in 7% whole person impairment for the cervical spine, 5% for the thoracic spine, and 8% for the lumbar spine. When combined, Dr. Guberman reached 18% whole person impairment. Dr. Guberman felt that no apportionment of pre-existing conditions needed to be made. Dr. Guberman did not recognize in his independent medical examination that Mr. Butcher reported to chiropractor Larry Perry, D.C., fifty-one times prior to the compensable injury. In all of the fifty-one examinations from 2006 through 2010, Dr. Perry noted decreased range of motion in Mr. Butcher's lumbar spine.

Prasadarao Mukkamala, M.D., also conducted an independent medical evaluation. Dr. Mukkamala noted that Mr. Butcher was at his maximum degree of medical improvement. Dr. Mukkamala examined the cervical spine and utilized the range of motion model to determine that Mr. Butcher had 2% impairment. Dr. Mukkamala noted no sensory defects. Dr. Mukkamala further opined that since there was no specific spine disorder that resulted from the compensable injury, Mr. Butcher could not qualify for any impairment under Table 75 of the American Medical Association's *Guides*. Dr. Mukkamala then applied West Virginia Code of State Rules § 85-20-E and placed Mr. Butcher in Category I, for an impairment rating of 0%. Dr. Mukkamala went through the same line of reasoning for the thoracic spine. Dr. Mukkamala then placed Mr. Butcher in Category II-B from Table 75 of the American Medical Association's *Guides* and assigned 5% whole person impairment based upon the lumbar spine. Dr. Mukkamala also found 4% impairment for loss of range of motion in the lumbar spine. Dr. Mukkamala combined the ratings to reach 9% whole person impairment for the lumbar spine. Dr. Mukkamala found that 9% does not fall into the accepted ranges under Lumbar Category II of West Virginia Code of State Rules § 85-20-C and he adjusted it to 8% whole person impairment. Dr. Mukkamala then noted chiropractic treatment records related to the lower back as far back as 2006. Dr. Mukkamala apportioned 3% impairment due to pre-existing causes and 5% disability due to the compensable condition.

The Office of Judges found Dr. Guberman's report to be the most credible and reliable report of record and granted Mr. Butcher an 18% permanent partial disability award. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The decisions of the Office of Judges and Board of Review is in clear violation of West Virginia Code of State Rules § 85-20-66.4 (2006). West Virginia Code of State Rules § 85-20-66.4, provides "[t]o the extent that factors other than the compensable injury may be affecting the injured worker's whole body medical impairment, the opinion stated in the report must, to the extent medically possible, determine the contribution of those other impairments whether resulting from an occupational or a nonoccupational injury, disease, or any other cause." In this case there is ample evidence of pre-existing lumbar spine issues that decreased Mr. Butcher's range of motion. This is shown in the chiropractic records from 2006 through 2010. In all of his fifty-one examinations, Dr. Perry noted a decreased range of motion related to the lumbar spine. Dr. Guberman's decision to not apportion without a valid reason is a violation of West Virginia Code of State Rules § 85-20-66.4. Therefore, the Office of Judges reliance upon Dr. Guberman's opinion, and the Board of Review's affirmation of the Office of Judge's Order, is clearly wrong. Moreover Dr. Bailey's opinion, on which the claims administrator relied, is unreliable for the purpose of determining Mr. Butcher's amount of permanent impairment because she was unable to obtain valid range of motion measurements. The report of Dr. Mukkamala should have been adopted by the Office of Judges and Board of Review because it is the only report that obtained valid range of motion measurements and apportioned for Mr. Butcher's pre-existing conditions.

For the foregoing reasons, we find that the decision of the Board of Review is in clear violation of a statutory provision. Therefore, the decision of the Board of Review is reversed and remanded with instructions to grant Mr. Butcher a 5% permanent partial disability award in reliance on Dr. Mukkamala's evaluation.

Reversed and Remanded.

**ISSUED:  March 12, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING**
Chief Justice Margaret L. Workman

Justice Menis E. Ketchum, disqualified

3